UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Number 02-377 (JNE)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DARIUS FLOURNOY BROWN,<br>Defendant. | ) | **ORDER OF DETENTION PENDING FINAL HEARING ON ALLEGATIONS OF PROBATION VIOLATIONS** |

This matter came before the Court on April 25, 2006, for a preliminary hearing upon allegations of supervised release violations and upon the motion of the United States for an Order of Detention. The defendant was personally present together with his attorney, Mary Mateer, Esq.; the United States was represented by Assistant United States Attorney John Docherty.

A Petition on Supervised Release filed by US Probation Officer Amy West was reviewed by the Court. In that Petition, Probation Officer West reported that the defendant, Darius Flournoy Brown, had violated his conditions of supervised release in that he had: (1) Submitted urine samples on March 7, March 17 and April 10, 2006 which tested positive for cocaine (a violation of standard condition number seven, which requires the defendant to refrain from, *inter alia*, possessing controlled substances unless prescribed by a physician); and had left his home and not informed the probation officer of his whereabouts (a violation of standard condition number six, requiring the defendant to notify the

probation officer of his whereabouts).

The defendant waived the preliminary hearing as to these allegations. The defendant also stipulated to detention, and declined to offer any evidence to show that he would not be a danger to any person or to the community. The defendant also declined to offer any evidence tending to show that that he would appear for court as scheduled.

Based upon the defendant's waiver of the preliminary hearing, and his stipulation to detention, and also based upon the Petition of Probation Officer West, this Court will (a) find that there is probable cause to believe that the defendant has violated his conditions of supervised release by possessing cocaine and failing to timely inform his probation officer of his whereabouts. The Court will also grant the government's motion for detention.

**LEGAL ANALYSIS**

Preliminary and detention hearings concerning revocation of supervised release are governed Fed. R. Crim. P. 32.1. Subpart (a)(6) of that rule, in turn, provides that during the time between an allegation of a supervised release violation and the final revocation hearing a judicial officer may order a defendant detained or released upon the same criteria as are used for defendants awaiting sentencing or appeal. Those criteria are set forth at Title 18, United States Code, Section 3143(a).

Such defendants should be detained unless the judicial officer

makes a finding, to a standard of clear and convincing evidence, that the person is not likely to flee and further, is not likely to pose a danger to the safety of any other person or the community, 18 U.S.C. § 3143(a). The burden of establishing that the defendant will not flee or pose a danger to any other person or the community is on the defendant, Fed. R. Crim. P. 32.1(a)(6).

Particularly given the defendant's apparently repeated use of illegal narcotics, as evidenced by his three positive urinalyses, the Court finds that the defendant is both a flight risk and a danger to the community. The Court finds the defendant's failure to timely notify his probation officer of his whereabouts to be further evidence that the defendant is a flight risk.

## CONCLUSION

IT IS HEREBY ORDERED:

1. That pending the holding of a final revocation hearing (scheduled for May 8, 2006 at 2:30 p.m. before the Honorable Joan N. Erickson), the defendant, Darius Flournoy Brown, shall be detained in the custody of the United States Marshal, and produced for all court appearances;

2. That the defendant shall be provided reasonable opportunity to meet with his attorney privately.

Dated: May 2, 2006

s/ *Franklin L. Noel*
Franklin L. Noel
United States Magistrate Judge